UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEC JULIAN JOHNSON, | ) | |
|                Petitioner, | ) | |
| | ) | No. 1:18-cv-741 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| PAT WARREN, | ) | |
|                Respondent. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Alec Johnson pleaded guilty in state court to first-degree criminal sexual conduct. Prior to the plea, Johnson filed a motion to suppress his confession, which the state court denied. Johnson was sentenced in June 2016. In the petition filed here by counsel, Johnson seeks habeas relief under 28 U.S.C. § 2254.

The magistrate judge reviewed the petition and issued a report recommending this Court deny the petition. (ECF No. 12.) Johnson filed objections. (ECF No. 15.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court has reviewed the objections de novo.

1. Petitioner was not in custody at the time of his interrogation. The magistrate judge thoroughly and accurately summarized the facts presented at the suppression hearing as well as the application of those facts to the law by the state trial court. (R&R at 9-23 PageID.583-97.) At best, Johnson identifies some of the facts weighing in favor of finding that he was in custody. Even then, his characterization of those facts is not entirely objective. He has not demonstrated by clear and convincing evidence that the trial court's factual determinations were unreasonable. Johnson's objection largely ignores the unfavorable findings made by the magistrate judge. The trial court did not ignore evidence and did not view the evidence from the officer's perspective. Johnson has not demonstrated that the trial court's conclusion constituted an unreasonable interpretation of *Miranda*. His disagreement with the outcome, because he focuses on only a select few facts, is not sufficient for the relief he seeks.

2. Petitioner's confession was voluntary and was not the product of coercive police conduct. The magistrate judge set forth the trial court's analysis of the relevant factors. (R&R at 25 PageID.599.) Johnson's objection does not address the magistrate judge's discussion of the analysis by the trial court. Instead, Johnson argues that because he was in custody when he confessed, the confession could not be voluntary. The Court already concluded that Johnson did not establish he was in custody and required *Miranda* warnings.

Accordingly, the Report and Recommendation (ECF No. 12) is **ADOPTED** as the Opinion of this Court.

This Court has reviewed the issues raised for the purpose of deciding whether to issue a Certificate of Appealability. Johnson's petition largely focuses only on the facts in the record favorable to him on each issue. Viewed in that light, reasonable jurists would not disagree with the manner in which this Court has resolved the claims. Accordingly, the Court **DENIES** a Certificate of Appealablity.

**IT IS SO ORDERED.**

Date: December 20, 2019
/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge